United States District Court
Southern District of Texas
FILED

MAY 1 4 2004

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | No.  CIV. **B-03-194** |
| v. | § | |
| | § | |
| AARON VOREIS | § | |
| | § | |
| Defendant. | § | |

### JOINT REPORT OF THE MEETING & JOINT DISCOVERY/
### CASE MANAGEMENT PLAN UNDER RULE 26

Plaintiff, DIRECTV, Inc. files this Report on Rule 26 Conference/Discovery Plan under Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order for Conference.

1.  **State where and when the meeting of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party.**

    DirecTV contact counsel for Defendant Aaron Voreis, on the 14th day of May, 2004.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

    DIRECTV has cases against different defendants containing allegations similar to those contained in this complaint pending in every federal district in the state of Texas and in several states throughout the country.  The cases are similar in that the electronic equipment and devices purchased by defendants are the same; in sum, the legal and factual issues surrounding the manufacture, design, assembly and general utility of the electronic equipment or devices in question are common.

3.  **Briefly describe what this case is about.**

Plaintiff brought this case alleging that Defendant violated federal and state law by intercepting its satellite communications through the use of various electronic devices.

**4.     Specify the allegation of federal jurisdiction.**

Jurisdiction exists under 28 U.S.C. §1331 pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Supplemental jurisdiction arises on state law claims pursuant to 28 U.S.C. §1367.

**5.     Name the parties who disagree with the Plaintiffs' jurisdiction allegations and their reasons.**

No appearing parties have challenged Plaintiffs' jurisdictional allegations.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate additional parties to this action at this time.

**7.     List anticipated interventions.**

The parties do not currently anticipate any interventions.

**8.     Describe class action issues.**

There are no class action issues related to DIRECTV's causes of action.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

DIRECTV intends to send initial disclosures on or before July 1, 2004; Defendant Voreis will serve his initial disclosures by July 1, 2004.

**10.    Describe the proposed agreed discovery plan including:**

**a.      Responses to all the matters raised in Rule 26(f).**

DIRECTV anticipates working within the timelines of Rule 26 and the Scheduling Order entered by the Court.

**b.** **When and to whom the Plaintiffs anticipate it may send interrogatories.**

Plaintiff anticipates sending interrogatories to the Defendant within sixty (60) days of the initial pre-trial and scheduling conference.

**c.** **When and to whom the Defendants anticipate it may send interrogatories.**

Defendants anticipate sending interrogatories to the Defendant within sixty (60) days of the initial pre-trial and scheduling conference.

**d.** **Of whom and by when the Plaintiffs anticipate taking oral depositions.**

Plaintiffs anticipate taking the depositions of those fact and expert witnesses identified by Defendants in disclosures. Plaintiff will complete such depositions by the discovery cut-off date.

**e.** **Of whom and by when the Defendants anticipate taking oral depositions.**

Defendants anticipate taking the depositions of those fact and expert witnesses identified by Plaintiff in disclosures. Defendants will complete such depositions by the discovery cut-off date.

**f.** **When the Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Parties having the burden of proof on an issue anticipate designating experts and providing required reports within the Court's guidelines. Parties opposing claims may designate experts and provide reports within the Court's guidelines.

**g.** **List expert depositions the Plaintiffs (or party with the burden of proof on an issue) anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing any of Defendants' timely designated experts by the discovery cut-off date.

h. **List expert depositions the Defendants (or opposing party) anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

The Defendants anticipate deposing any of Plaintiff's timely designated experts by the discovery cut-off date.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are agreeable to the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

The parties believe they can complete discovery by September 1, 2004.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have agreed to keep settlement negotiations open throughout the life of this case.

15. **Describe what each party has done or agreed to do to bring about a resolution.**

DIRECTV informally contacted defendant by letter prior to filing this suit and agrees to continue settlement negotiations with the Defendants.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

See 14 and 15 above.

17. **Magistrate Judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties consent to a trial before a magistrate judge.

18.   **State whether a jury demand has been made, and if it was made on time.**

A demand for jury trial has been made.

19.   **Specify the number of hours it will take to present the evidence in this case.**

Approximately 30 hours.

20.   **List pending motions that could be ruled on at the initial pre-trial and scheduling conference.**

None.

21.   **List other motions pending.**

None.

22.   **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

None.

23.   **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

DIRECTV filed its Disclosures of Interested Parties on November 3, 2003. Defendant Voreis will file his Disclosure of Interested Parties on June 1, 2004..

24.   **List the names, bar numbers, addresses and telephone numbers of all counsel.**

For Plaintiff
**Lecia L. Chaney**
**Attorney in Charge**
Texas State Bar No. 00785757
Federal Id. No. 16499
Rodriguez, Colvin & Chaney
1201 E. Van Buren
P.O. Box 2155
Brownsville, Texas 78520
(956) 542-7441 Telephone
(956) 541-2170 Facsimile

**Kelly-Ann F. Clarke**
Federal ID No. 27195
Texas State Bar No. 24027929

**Joseph R. Russo, Jr.**
Federal ID No. 22559
Texas State Bar No. 24002879
**Joe A. C. Fulcher**
Federal ID No. 14126
Texas State Bar No. 07509320
**GREER, HERZ & ADAMS, L.L.P.**
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

For Defendant, Aaron Voreis
R.W. Armstrong
R.W. Armstrong, P.C.
2600 Old Alice Rd., Ste. A
Brownsville, 78521
(956) 546-5556
(956) 546-0470 fax

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY &
SAENZ, L.L.P.

By: _____
**Lecia L. Chaney**
State Bar No.  00785757
Fed. I.D. #16499
**Christopher E. Moore**
State Bar No. 24011075
Fed. I.D. #36611

1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone:  (956) 542-7441
Telefax    :  (956) 541-2170
*ATTORNEYS FOR PLAINTIFF, DIRECTV*

OF COUNSEL:

GREER, HERZ & ADAMS, LLP

**Joe A.C. Fulcher**
Federal ID No. 14126
St. Bar No. 07509320

JOINT DISCOVERY/CASE MANAGEMENT PLAN                                    PAGE 6

**Kelly-Ann F. Clarke**
Federal ID No. 27195
St. Bar No. 24027929
**Robert A. Swofford**
Federal ID No. 19403
St. Bar No. 00791765
**Joseph R. Russo, Jr.**
Federal ID No. 22559
St. Bar No. 24002879
One Moody Plaza, 18th Floor
Galveston, Tx  77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

By: _R.W. Armstrong_____
    R.W. Armstrong
    St. Bar No. 01323500
    Fed. I.D. No. 2237

by permission
L Chaney

R.W. Armstrong
R.W. Armstrong, P.C.
2600 Old Alice Rd., Ste. A
Brownsville, 78521
(956) 546-5556
(956) 546-0470 fax
*ATTORNEY FOR DEFENDANT,*
*AARON VOREIS*